UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**IN THE MATTER OF E.N. BISSO & SON, INC.'S REQUEST FOR EXONERATION FROM LIABILITY, or alternatively FOR LIMITATION OF LIABILITY**

CIVIL ACTION NO.:

SECTION:

JUDGE:

MAGISTRATE:

## VERIFIED COMPLAINT IN LIMITATION

The Complaint in Limitation of E.N. Bisso & Son, Inc. (hereafter referred to as "Petitioner"), in a cause of exoneration from liability or limitation of liability pursuant to Federal Rule of Civil Procedure 9(h) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, sets forth as follows:

1.

At all times pertinent to this cause, Petitioner was and is a corporation organized and existing under the laws of the State of Louisiana, with its principal place of business in New Orleans, Louisiana.

2.

At all material times, Petitioner was the owner and/or operator of the M/V J.A. BISSO II.

3.

The M/V J.A. BISSO II was a tow boat built in 1911. The vessel no longer exists.

4.

Venue is proper in the United States District Court for the Eastern District of Louisiana pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

5.

Jurisdiction is proper under 28 U.S.C. § 1333 which sets out that the U.S. district courts have original jurisdiction over admiralty and maritime cases.

6.

Petitioner used due diligence to make the M/V J.A. BISSO II seaworthy, and she was at all material times tight, staunch, strong and fully and properly equipped, manned, and supplied for the service in which she was engaged.

7.

At all pertinent times, the M/V J.A. BISSO II worked as a tugboat.

8.

Robert Robertson filed a petition in the Civil District Court for the Parish of Orleans bearing Civil Action No. 2022-6238 naming Petitioner as a defendant and asserting that he was employed by Petitioner in the 1970s (the "Petition").

9.

In his Petition, Robert Robertson alleges that he was exposed to asbestos that allegedly lead to mesothelioma, lung cancer, asbestosis and other alleged maladies.

10.

In his Petition, Robert Robertson alleges that he was working on a vessel owned and/or operated by Petitioner when he suffered the alleged exposure to asbestos.

11.

Robert Robertson's alleged asbestos exposure and related alleged illnesses occurred – if they occurred – without the knowledge of Petitioner.

-3-

12.

Robert Robertson's alleged exposure and illness were not caused or contributed to by any fault, negligence, or lack of care on the part of Petitioner, its owners or officers, or the M/V J.A. BISSO II, or anyone for whom Petitioner may be responsible. If the allegations in the Petition are correct, Robert Robertson's damages were caused instead by the fault, negligence, and lack of care of other parties for whom Petitioner is not responsible or by circumstances beyond the control of Petitioner.

13.

Robert Robertson also filed suit against Bisso Towboat Co., Inc. as bareboat charterer of the M/V BARON. Bisso Towboat Co. Inc. filed for limitation in this Court on September 26, 2022.

14.

This Verified Complaint was filed within six months of the date when Petitioner first received written notice of Robert Robertson's alleged exposure to asbestos and/or the resulting alleged damages or losses.

15.

While denying all liability stemming from the events alleged in Robert Robertson's Petition, Petitioner shows that in the event it should be held liable in any degree to anyone, Petitioner claims the benefit of limitation of liability provided in 46 U.S.C. §30501 *et seq* (and all law supplementary and amendatory thereto) and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, upon showing that the incident or exposure was occasioned and occurred without the privity or knowledge of Petitioner.

16.

At all relevant times, the value of the M/V J.A. BISSO II was $142,500.00. *See* Affidavit of Norman Dufour, attached hereto as Exhibit A. At all relevant times, the pending freight of the M/V J.A. BISSO II had a value of $0. *See* Declaration of Michael F. Vitt, attached hereto as Exhibit B.

17.

In the event it should be held liable to anyone as a result of the facts and causes of action set forth in Robert Robertson's Petition, such liability should be limited to the value of the M/V J.A. BISSO II and its then pending freight; a total of $142,500.00.

18.

Petitioner has filed herewith a Security for Limitation in the amount of $142,500.00 in accordance with Supp. R. Fed. Pro. F(1), and Petitioner is prepared in respect to security or appraisal, to act in accordance with Supp. R. Fed. Pro. F(1) and (7) if the Court should so require.

    a)    Taylor-Seidenbach, Inc.
           Through its agent for service:
           Hal Shepard
           731 South Scott St.
           New Orleans, LA 70119

    b)    Eagle, Inc.
           (f/k/a Eagles Asbestos & Packing Co., Inc.)
           Through its agent for service:
           Susan B. Kohm
           Simon, Peragine, Smith & Redfeam
           Energy Center — 30th Floor
           1100 Poydras Street
           New Orleans, LA 70163-3000

    c)    Union Carbide Corporation
Through its agent for service:
C.T. Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816

    d)    Bisso Towboat Co. Inc.
Through its agent for service
Scott T. Slatten

**WHEREFORE,** Petitioner prays:

1)    That the Court issue an Order approving the Security for Limitation submitted for the value of the M/V J.A. BISSO II and her pending freight at all times material to Robert Robertson's Petition;

2)    That the Court issue an Order restraining the commencement or prosecution of any action or actions against Petitioner, its property, other employees, the M/V J.A. BISSO II, and their insurers with respect to any claim related to the allegations contained in Robert Robertson's Petition;

3)    That the Court adjudge Petitioner and the M/V J.A. BISSO II not liable to any extent whatsoever for damage of any kind arising out of the matters aforesaid or, in the alternative, should the Court adjudge Petitioner and the M/V J.A. BISSO II liable in any amount whatsoever, that said liability be limited to and not exceed the value of the M/V J.A. BISSO II and her pending freight at the relevant time, *i.e.*, $142,500.00;

4)    That a judgment be entered discharging Petitioner and the M/V J.A. BISSO II from any and all liability and forever enjoining the filing or prosecution of any claims against them as a consequence of the matters aforesaid;

5) That the Court direct the issuance of a notice to all persons or entities who might have a claim arising out of the facts described above citing them to file their claims with the Clerk of this Court and serve a copy of said claims upon the attorneys for Petitioner on or before the time fixed by the Court or else be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims before this Court as the Court may later direct, and to appear and answer the allegations of this Verified Complaint at or before that certain time set forth by the Court;

6) That Petitioner have such other and further relief as justice may require and this Court is competent to grant.

Respectfully submitted:

/s/ Scott R. Wheaton, Jr.
SCOTT R. WHEATON, JR., #13395
SIMEON B. REIMONENQ, JR., #19755
ALAN R. DAVIS, #31694
DESTINEE F. RAMOS, #37681
LUGENBUHL, WHEATON, PECK,
　RANKIN & HUBBARD
601 Poydras Street, Suite 2775
New Orleans, LA  70130
Telephone: 504-568-1990
Facsimile: 504-310-9195
Email:  srwheaton@lawla.com
　　　　sreimonenq@lawla.com
　　　　adavis@lawla.com
　　　　dramos@lawla.com
Attorneys for E.N. Bisso & Son, Inc.